## Case No. 10,797.

### The PATHFINDER.

### [4 Wkly. Notes Cas. 528.]

District Court, E. D. Pennsylvania. Dec., 1877.

MARITIME LIENS—PRIORITIES—SUPPLIES.

[As between supply men, who all obtain decrees before the sale of the vessel, he who first obtained the seizure of the vessel, is entitled to priority over others who afterwards filed intervening libels.]

Motion for distribution.

On September 3d, 1877, Casselberry filed a libel for supplies against the schooner.

The court thereupon issued a writ of attachment, which was duly returned "Attached," etc. Pending the writ another libel was filed for supplies, and two for wages. These were libels of intervention. None of the claims were contested. Upon September 28, an application having been made for the sale of the vessel, and having been refused, the proctor for the original libellant then moved for and obtained a decree pro confesso, and an order of appraisement and sale. A few days afterwards, but before the sale, the intervening libellants obtained decrees in their favor for the amount of their several claims. The fund in court was not sufficient to pay all the decrees. The original libellant claimed the whole fund.

The motion for distribution was three times argued, and at the second argument the court decided that the wages of the mariners were to be paid first. The question of priority between the decrees for supplies was now argued.

Henry Flanders, for the original libellant: It is the established rule in England that the superior diligence of the first suitor will be rewarded by payment in full, in such cases. The Saracen, 6 Moore, P. C. 56; The Clara, Swab. 1; The Gustaf, 6 Law. T. (N. S.) 660; Coote, Adm. 134, 135; Macl. Shipp. c. 15. This doctrine of prior petens has been adopted in the United States. Woodworth v. Insurance Co., 5 Wall. [72 U. S.] 87. Priority of seizure entitles the libellant to priority in payment. The Globe [Case No. 5,483]; The Triumph [Id. 14,182].

C. H. Howell (with whom was J. Warren Coulston), for the intervening libellant: The doctrine of prior petens is inapplicable. There are no cases in England where all the decrees were obtained before the sale, as in this case, and that makes a material difference.

CADWALADER, District Judge (orally). I am not willing to adopt the English decisions. They seem to proceed on the doctrine that the court of admiralty is not a court of equity in regard to the marshalling of assets.

The Desdemona, Swab. 159, is an English case, where the court made a ratable distribution between judgments obtained at different dates. In Woodworth v. Insurance Co., supra, the first suitor had established the facts on which the recovery of both was based. Here there was no contest. The libel of intervention was proper and regular, and is entitled to all benefits to be derived from the writs of attachment and sale. Rev. St. § 921; The Young Mechanic [Case No. 18,181]; Salmon Falls Manuf'g Co. v. The Tangier [Id. 12,267]; The R. P. Chase [Id. 12,099].

THE COURT. The question is, does the prior seizure entitle the material man to priority in payment? The cases in Blatchford seem to indicate that it does. The case of The Globe, supra, merely decides that the lien of the suitor for supplies was divested by the sale of the vessel under process of the state courts. The lien for supplies was held paramount to that of forfeiture, which depends on seizure, in The St. Jago de Cuba, 9 Wheat. [22 U. S.] 416.          C. a. v.

THE COURT. After consideration I must decide in favor of the original libellant, but with great doubt. The case of The Globe is not applicable, but the decision of Judge Betts in The Triumph [Case No. 14,182] is, and is approved by Judge Nelson.

The case rests on very narrow grounds. The lien, as it is loosely called, for supplies is a peculiar one, dependent on the justice-seat or forum, and merely gives the plaintiff a right of seizure. When he has exercised this right, the court will not keep the case open for other claims of like nature, which may come in from all parts of the world, but must award the fund to the first suitor.

Decree accordingly.